1  **OMAR A. SIDDIQUI, ESQ. (SBN 213581)**
2  **DANIEL M. JOSEPHSON, ESQ. (SBN 245895)**
   **JONATHAN C. HATFIELD, ESQ. (SBN 292198)**
3  **BRITTANY A. ORTIZ, ESQ. (SBN 305775)**
   **ULWELLING | SIDDIQUI LLP**
4  Park Tower, Suite 700
   695 Town Center Drive
5  Costa Mesa, California  92626
   www.usllp.com
6  Telephone:  (714) 384-6650
   Facsimile:  (714) 384-6651
7  OSIDDIQUI@USLLP.COM
   DJOSEPHSON@USLLP.COM
8  JHATFIELD@USLLP.COM
   BORTIZ@USLLP.COM

9

   Attorneys for Plaintiff,
10 **JEFFREY N. YOUNG**

11            **UNITED STATES DISTRICT COURT**

12      **CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

13

14 JEFFREY N. YOUNG, an              CASE NO.
   individual,
15
                                     **PLAINTIFF JEFFREY N. YOUNG'S**
16                                   **COMPLAINT FOR:**

17             Plaintiff,            **(1)   VIOLATION OF 42 U.S.C. 1983**
                                            **(EXCESSIVE FORCE);**
18                                   **(2)   VIOLATION OF 42 U.S.C. 1983**
                                            **(FALSE ARREST AND**
19       vs.                                **IMPRISONMENT);**
                                     **(3)   VIOLATION OF 42 U.S.C. 1983**
20                                          **(DENIAL OF MEDICAL CARE);**
   CITY OF MENIFEE, a public entity; **(4)   VIOLATION OF 42 U.S.C. 1985(3);**
21 COUNTY OF RIVERSIDE,  a           **(5)   "*MONELL*" VIOLATION;**
   public entity; RIVERSIDE          **(6)   VIOLATION OF 42 U.S.C. 1988;**
22 COUNTY SHERIFF'S                  **(7)   ASSAULT;**
   DEPARTMENT, a public entity;      **(8)   BATTERY;**
23 SCOTT STOLL, an individual;       **(9)   FALSE ARREST AND FALSE**
   DOUGLAS TODD, an individual;             **IMPRISONMENT;**
24 NICOLE RODEROS, an individual;    **(10)  INTENTIONAL INFLICTION OF**
   BRIAN REMINGTON, an                      **EMOTIONAL DISTRESS;**
25 individual;  AND DOES 1 through   **(11)  CONSPIRACY;**
   10, inclusive,                    **(12)  ABUSE OF PROCESS;**
26                                   **(13)  NEGLIGENCE; AND**
                                     **(14)  VIOLATION OF CAL. CIV. CODE §**
27             Defendants.                  **52.1 [BANE ACT]**
28
                                     **[DEMAND FOR TRIAL BY JURY]**

**PLAINTIFF JEFFREY N. YOUNG'S COMPLAINT**

For his complaint ("Complaint") against Defendants CITY OF MENIFEE, COUNTY OF RIVERSIDE, RIVERSIDE COUNTY SHERIFF'S DEPARTMENT, SCOTT STOLL, DOUGLAS TODD, NICOLE RODEROS, BRIAN REMINGTON, and DOES 1 through 10, inclusive (collectively, "Defendants"), Plaintiff JEFFREY YOUNG ("Plaintiff" or "YOUNG") alleges as follows:

## SUMMARY

1.     This case arises from an outrageous, despicable, and unprovoked attack upon Plaintiff YOUNG, a disabled father of two, at the hands of a government entity and its employees. The deplorable actions of Defendants represent a significant violation of Plaintiff's civil and Constitutional rights. Defendants intentionally, and under false pretexts, mercilessly and excessively beat Plaintiff YOUNG, and then levied false charges against him in an effort to conceal their wrongdoing. As a direct result of Defendants' actions, Plaintiff YOUNG has suffered punishing, severe, and permanent mental and physical trauma, injury, anguish, emotional distress, pain and suffering, and damages.

2.     Defendant SCOTT STOLL ("STOLL") is a Senior Code Enforcement Officer hired, trained, employed, and dispatched by Defendant CITY OF MENIFEE. On October 7, 2016, Officer STOLL went to Plaintiff's residence in response to an alleged code enforcement issue. At the time, Plaintiff YOUNG was out getting lunch for his disabled daughter. At the sight of Defendant STOLL, Plaintiff's daughter became alarmed and called her father to inform him of the code enforcement officer's presence. Plaintiff, lunch in hand, rushed home to provide comfort to his daughter and to attend to Officer STOLL's visit.

3.     As he pulled up to his driveway,  Plaintiff YOUNG's vehicle slid on the unpaved, dirt-gravel road leading up to Plaintiff's driveway, making minor, accidental contact with STOLL's vehicle, which was parked on the dirt-gravel road in front of Plaintiff's driveway. At the time, STOLL was not in his vehicle, but was standing several yards away from his vehicle speaking on his cell phone. After impacting

STOLL's vehicle, Plaintiff got out of his vehicle and apologized to STOLL, but STOLL did not acknowledge Plaintiff or respond in any way to Plaintiff's attempts to speak with him.

4.   Plaintiff, sensing Officer STOLL's clear preoccupation on his cell phone, decided to deliver lunch to his hungry daughter. He then retrieved the meals from his vehicle, with the intent to return to STOLL after dropping the food inside. Out of nowhere, STOLL aggressively approached Plaintiff. In a combative tone STOLL demanded that Plaintiff "drop" the box of In-N-Out Plaintiff was carrying. STOLL then launched into an unprovoked, ferocious, and unrelenting assault upon Plaintiff. STOLL pinned Plaintiff toward his own truck, and then violently and repeatedly punched Plaintiff in the face and head, causing Plaintiff to suffer immense pain. STOLL then, for no reason, produced a can of pepper spray and mercilessly and repeatedly sprayed Plaintiff in the face and neck area, causing Plaintiff to fall to the ground in agony. Defendant STOLL then chased a crawling Plaintiff YOUNG around the back of Plaintiff's vehicle and violently and repeatedly kicked him, at one point even standing on Plaintiff's chest as he lay unconscious. Plaintiff was then arrested without cause by Defendants RIVERSIDE COUNTY SHERIFF'S DEPARTMENT. Plaintiff was denied access to food, drink, and needed medicine. Plaintiff did not commit any crime or perform any actions sufficient to provide probable cause for such violence or arrest. Defendants were aware that their actions were specifically prohibited and were on notice that Plaintiff did not authorize their actions in any way.

5.   By this Complaint, Plaintiff seeks justice by preventing further abuse by the CITY OF MENIFEE, the COUNTY OF RIVERSIDE, the RIVERSIDE COUNTY SHERIFF'S DEPARTMENT and their agents and employees and to protect Plaintiff and other citizens from willful, wonton, and outrageous abuses of their Constitutional rights.

6.   Plaintiff files this civil action against Defendants for severe violations of Plaintiff's Constitutional rights and related state and common law claims. Plaintiff was

**PLAINTIFF JEFFREY N. YOUNG'S COMPLAINT**

deprived of an interest protected by the Constitution and/or laws of the United States of America, and each and every defendant caused, by commission or omission, such deprivation while acting under color of law.

## JURISDICTION AND VENUE

7.     This Court has original jurisdiction over this action under 28 U.S.C. § 1331 in that this Complaint raises federal questions under 42 U.S.C. 1983, 42 U.S.C. 1985, and 42 U.S.C. 1988.  The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

8.     The Court has personal jurisdiction over the Defendants because the Defendants have engaged in activities in California and have committed tortious acts within the state.

9.     Venue is proper in this district under 28 U.S.C. § 1391 (b) and (c) in that substantial injury occurred, and continues to occur in this district, a substantial number of the events on which the claims in this Complaint are based took place in this district, and Defendants are subject to personal jurisdiction in this district.

## PARTIES

10.     Plaintiff JEFFREY YOUNG ("Plaintiff" or "YOUNG") is, and at all times relevant hereto was, a resident of the County of Riverside in the State of California.

11.     Defendant CITY OF MENIFEE ("MENIFEE") is, and at all times relevant hereto was, an incorporated government entity in the State of California.

12.     Defendant COUNTY OF RIVERSIDE ("COR") is, and at all times relevant hereto was, a government entity in the State of California.   Defendant RIVERSIDE   COUNTY   SHERIFF'S   DEPARTMENT   ("COR   SHERIFF'S DEPARTMENT") is, and at all times relevant hereto was, a County of Riverside law enforcement department. Employees of the Sheriff's Department are employees of the COR.

13.     On information and belief, Defendant SCOTT STOLL ("STOLL") is, and

**PLAINTIFF JEFFREY N. YOUNG'S COMPLAINT**

at all times relevant hereto was, employed by MENIFEE as a code enforcement officer.

14.     On information and belief, Defendants DOUGLAS TODD, NICOLE RODEROS, and BRIAN REMINGTON are, and at all times relevant hereto were, employed by the COR SHERIFF'S DEPARTMENT and the COR.

15.     Defendants MENIFEE, COR, COR SHERIFF'S DEPARTMENT, SCOTT STOLL, DOUGLAS TODD, NICOLE RODEROS, BRIAN REMINGTON and every defendant in his/her official capacity knowingly or with deliberate indifference to the rights allegedly violated caused to come into being, maintained, fostered, condoned, approved of, either before the fact or after the fact, ratified, took no action to correct, an official policy, practice, procedure, or custom of permitting the occurrence of the categories of wrongs set forth in this pleading.

16.     Defendants MENIFEE, COR, COR SHERIFF'S DEPARTMENT, SCOTT STOLL, DOUGLAS TODD, NICOLE RODEROS, BRIAN REMINGTON and every defendant in his/her official capacity knowingly or with deliberate indifference to the rights allegedly violated, improperly, inadequately, with deliberate indifference and reckless disregard to the Constitutional or other federal rights of persons, grossly negligently failed to properly train, to supervise, to retrain, if necessary, to monitor, or to take corrective action with respect to MENIFEE, COR, and COR SHERIFF'S DEPARTMENT,  with respect to the types of wrongful conduct alleged in this pleading, so that each one of them is legally responsible for all of the injuries and/or damages sustained by Plaintiff.

17.     Plaintiff is ignorant of the true names and a capacity of the Defendants sued herein as Does 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names.  Each and every reference to any Defendant or combination of Defendants shall be taken to include the Doe Defendants and each of them, so as to allow Plaintiff to hereafter seek leave of Court to amend this Complaint in order to allege the true names and capacities of said Defendants when ascertained. Plaintiff is

**PLAINTIFF JEFFREY N. YOUNG'S COMPLAINT**

informed and believes, and based upon such information and belief, alleges that each of the fictitiously named Defendants is responsible and undertook the obligations and duties herein alleged, and that Plaintiff's damages, as hereinafter alleged, were the result of the failures, acts and omissions, by each such Defendant.

18.     Plaintiff is informed and believes, and based upon such information and belief, alleges that at all times herein mentioned, Defendants were the agents and/or employees and servants and/or representatives of each of the other Defendants and that said named Defendant, and said Defendants Does 1 through 10, inclusive, were acting within the purpose, course and scope of said agency, service, employment or representation, and in doing the things herein alleged, were acting with the permission and consent of the other Defendants, and further, that each of the Defendants are jointly and severally liable for the nonfeasance, misfeasance, malfeasance of the Defendants, and each of them.  Whenever appearing in this Complaint, each and every reference to Defendants, or to any of the, is intended to be and shall be in reference to all Defendants herein, and to each of them, both named and unnamed, including all fictitiously named Defendants.

19.     Plaintiff is informed and believes, and based upon such information and belief, alleges that, at all times herein mentioned, Defendants and Does 1 to 10 inclusive are really the alter ego of the other, and each is operated, controlled and maintained by Defendants and Does 1 to 10 inclusive, so that any separateness of identity ceases to exist and each acted with the permission and consent of the other.

20.     On information and belief, the separate acts and omissions of each of the Defendants, as set forth herein, were done intentionally and pursuant to a common plan and design to injure Plaintiff.  As a result of this civil conspiracy, each of the Defendants should be held individually liable and responsible for the entirety of Plaintiff's injuries and damages.

## **GENERAL ALLEGATIONS**

21.     Each and every allegation set forth in each and every averment and

6

**PLAINTIFF JEFFREY N. YOUNG'S COMPLAINT**

allegation of this pleading is hereby incorporated by this reference in each and every other averment and allegation of this pleading.

22.    YOUNG is a good-natured and kind, physically-handicapped retiree living with his wife and two daughters in rural Menifee, California. YOUNG suffers from significant physical disabilities stemming from a 2002 motor vehicle collision. Despite YOUNG's physical limitations, prior to the subject incident, YOUNG made the best of his situation by maintaining a relatively active and independent lifestyle in which he was able to drive, complete household chores, feed and care for the family horses, and spend time with his family.

23.    YOUNG's oldest daughter, who is in her teens, is physically disabled due to a congenital birth defect. She requires constant care and is unable to perform many life functions without the assistance of her family, including YOUNG. Understandably, YOUNG prioritizes the care of his daughter, and makes her health, well-being, and happiness a critical component to his daily life.

24.    Prior to October 7, 2016, YOUNG lived a happy, simple life, in spite of his physical disability. YOUNG supported his wife (the primary provider for the family) and his children in every way that he could, including taking care of and maintaining his family home. However, on October 7, 2016, YOUNG's life would be forever changed by the despicable and barbarous conduct of MENIFEE Code Enforcement Officer SCOTT STOLL, COR, the COR SHERIFF'S DEPARTMENT, and Defendants.

25.    On the morning of October 7, between approximately 10:00 AM and 10:30 AM, YOUNG set out in his vehicle to get lunch (In-N-Out) for himself and his disabled daughter. YOUNG's daughter greatly enjoyed the burgers and fries from In-N-Out. On this day in particular, YOUNG sensed that a meal from one of her favorite restaurants was a necessary pick-me-up. While YOUNG did not prefer to leave his daughter home by herself for any prolonged period of time, In-N-Out was only a short drive away. Moreover, YOUNG hoped to beat the lunch rush by arriving at the

**PLAINTIFF JEFFREY N. YOUNG'S COMPLAINT**

restaurant late morning.

26.    Shortly after arriving at In-N-Out and placing his order, YOUNG received a call on his cell phone from his daughter informing him that there was an Officer parked outside the family home. YOUNG's daughter was frightened, as she was not aware of the purpose of the unexpected visit.

27.    These circumstances concerned YOUNG, as YOUNG and his family had been experiencing ongoing harassment at the hands of a disgruntled neighbor who had made numerous calls to code enforcement within the past year in regards to lighting issues. YOUNG's daughter was by herself at home and was in no condition to deal with the officer's visit. Thus, YOUNG immediately called one of his neighbors, an elderly woman named Linda Lewis, and requested that she to go to his home to help his daughter. Ms. Lewis was more than willing to help. YOUNG, concerned for his daughter's well-being, immediately began to head home with the food he had just purchased.

28.    As YOUNG pulled up to his home between approximately 10:30 A.M. and 11:00 A.M., YOUNG's vehicle slid on the unpaved dirt-gravel road leading up to his driveway on Golden J Lane. Despite YOUNG applying his brakes, he accidently impacted the rear bumper of an unmarked, white Toyota Highlander SUV parked in front of YOUNG's driveway gate. This vehicle was parked alongside neighbor Ms. Lewis' vehicle, who had arrived minutes earlier. The collision involving YOUNG's vehicle was a mere fender-bender, and neither YOUNG nor any other person was injured by the impact. YOUNG would soon find out that the unoccupied, white Toyota involved in the accident belonged to MENIFEE Code Enforcement Officer SCOTT STOLL.

29.    After making impact with Officer STOLL's vehicle, YOUNG calmly reversed his vehicle a few feet, placed it in park, and exited his vehicle. Ms. Lewis, who had responded to YOUNG's earlier request to check on YOUNG's disabled daughter, was parked adjacent to Officer STOLL's vehicle. After exiting his vehicle,

8

**PLAINTIFF JEFFREY N. YOUNG'S COMPLAINT**

YOUNG briefly spoke with Ms. Lewis, who at YOUNG's request then moved her vehicle away from the accident scene and onto YOUNG's property after opening the driveway gate.

30.    Upon exiting his vehicle, YOUNG observed Officer STOLL standing outside of his vehicle several yards away, talking on his cell phone. STOLL appeared indifferent to the collision and continued on his cell phone.

31.    Noting this, YOUNG then attempted to get the attention of Officer STOLL. YOUNG inspected both his vehicle and Officer STOLL's vehicle, and then sought to apologize to Officer STOLL, stating in STOLL's direction "I am so sorry. I didn't mean to do that. My car slid." STOLL, however, paid no attention to YOUNG's comments, instead continuing to speak on his cell phone. STOLL did not speak to YOUNG, give YOUNG any orders, or seemingly acknowledge YOUNG in any way.

32.    YOUNG, sensing Officer STOLL's preoccupation and remembering that his hungry daughter's lunch was still in the vehicle, walked to his vehicle, opened the door, and retrieved the In-N-Out burgers, fries, and drinks housed in a cardboard carrying container clearly displaying the well-known and recognizable In-N-Out design pattern and logo.  It was obvious that YOUNG was carrying food. YOUNG intended to return after dropping the food inside.

33.    What YOUNG did not know at the time was that Officer STOLL had no interest in talking. Officer STOLL had no interest in following procedure. Instead, Officer STOLL was angry, and YOUNG was about to experience just how angry he was. YOUNG's attempt to deliver lunch to his hungry daughter would meet a violent end.

34.    Suddenly and without warning, as YOUNG cradled the In-N-Out in his arms, STOLL aggressively approached YOUNG and yelled, with an agitated tone, "Drop It!" YOUNG, stunned and frightened by STOLL's intemperate change in demeanor, calmly responded to Officer STOLL, stating to him that he (YOUNG) was merely carrying lunch in for his daughter.

**PLAINTIFF JEFFREY N. YOUNG'S COMPLAINT**

35.   STOLL, summarily dismissing YOUNG's diplomacy, continued to yell loudly at YOUNG and began to push YOUNG back towards YOUNG's vehicle. While YOUNG was growing more and more unnerved at the belligerence displayed by Officer STOLL, YOUNG remained respectful and compliant. YOUNG was hopeful that he could have a reasonable conversation regarding the minor car accident that had just occurred or any code enforcement issues. YOUNG could not have been more wrong.

36.   The 55 year-old YOUNG stands 5 feet, eight inches tall, walks with a limp, and his build reflects the scars and anguish of years of severe physical trauma. Defendant STOLL stands over 6-feet tall and is physically much larger, taller, and stronger than Plaintiff YOUNG.

37.   With STOLL now pushing YOUNG's back against his (YOUNG's) vehicle, YOUNG sought to comply with STOLL's demands to "drop it" by placing the In-N-Out food and drink cups on the hood of his (YOUNG's) vehicle.

38.   STOLL pinned YOUNG up against YOUNG's vehicle, but did not give YOUNG any orders or direct him to take any action. Severely frightened and confounded by STOLL's aggressive behavior, YOUNG pleaded, "What are you doing? Can't you see I am handicapped?" STOLL then wound up his right arm, clenched his fist, and with the full-force of his six-foot-plus frame punched YOUNG in the face and head repeatedly with violent blows.

39.   Immense, sickening pain radiated from YOUNG's neck, down his spine, and through the nerves in his body, the rods and screws from the plate in his neck serving as conduits for further agony, pain, and suffering.

40.   Beyond the pain, YOUNG, was stunned and afraid for his life. Stunned that an Officer had just struck him without cause with violent blows designed not to subdue, but to severely injure. And injure they did, as excruciating pain radiated from YOUNG's face, head, and neck, down his surgically-scarred spine and through the rest of his body.

**PLAINTIFF JEFFREY N. YOUNG'S COMPLAINT**

41.     YOUNG, who offered no threat to begin with, was easily neutralized by STOLL's initial blows. But STOLL was not yet finished with him. After landing several initial violent blows to YOUNG's head and face, STOLL continued to mercilessly strike YOUNG as he began to stumble and lose his footing. YOUNG's futile attempt to back away from STOLL's hostile attack was met with a further hastened advance and violence by STOLL. YOUNG – elderly, disabled, wounded, traumatized, scared, and neutralized – offered no resistance to STOLL's full-fledged assault and battery. YOUNG simply had no resistance to give.

42.     STOLL's initial physical blows left YOUNG dazed disoriented, and in searing pain. Overpowered and overmatched, YOUNG was already broken, defeated, and emasculated. However, to YOUNG's severe misfortune, STOLL's sadistic and tortuous beating of YOUNG had only just begun. In an act so fundamentally disgraceful to the mantle of his profession, let alone basic human decency, that it shocks the conscience, STOLL then removed his pepper spray from his holster and unloaded its contents into YOUNG's eyes, nose, mouth, and face.

43.     With his eyes, nose, mouth, and skin burning, in pain, YOUNG attempted to back away from STOLL, but STOLL continued to pursue him. YOUNG's legs no longer able to support his body, YOUNG collapsed to the ground with his hands covering his searing face and eyes, clearly and unequivocally subdued. The burning was so intense that YOUNG feared his eyes were being burned out of their sockets. STOLL, vengeful and hell-bent upon inflicting maximum damage on YOUNG, then intentionally pulled YOUNG's hands away from YOUNG face, targeted his pepper spray can, and unloaded more pepper spray directly into YOUNG's face.

44.     Gasping for breath, suffering immense pain and violence, and with STOLL showing no signs of relenting, YOUNG feared for his life, with thoughts of his wife and young children racing to the forefront of his consciousness. If this man would go as far as he already had, YOUNG wondered, what was to prevent him from going all the way? YOUNG believed that STOLL was going to kill him.

**PLAINTIFF JEFFREY N. YOUNG'S COMPLAINT**

45.     YOUNG, mustering every ounce of strength he had left, began trying to crawl away from STOLL. In response, STOLL forcefully kicked YOUNG in the torso, causing an already gasping YOUNG to roll over several times. In a final, disdainful act displaying his vile, malicious, and inhumane character, STOLL then triumphantly placed his foot on YOUNG's chest, pinning him to the ground. Unable to breathe, see, or cope with his pain and suffering, YOUNG drifted in and out of consciousness. STOLL did not handcuff YOUNG, place YOUNG under arrest, or take any other action consistent with an Officer intending to restrain a suspect. After standing over YOUNG for some time, STOLL then walked away.

46.     As YOUNG lay on the ground bruised, battered, and beaten, he slowly began to regain consciousness. As he came to, the pain he felt was unlike anything he had ever felt before. He could barely move his head and neck, and one side of his body felt numb, except for sharp, shooting pains. He was surely badly injured, perhaps paralyzed, he thought, if not much worse. He felt as if he was dying.

47.     YOUNG mustered every ounce of strength remaining, felt around for his phone in his pocket, and managed to call his wife using his phone's speed-dial function. YOUNG begged his wife to come help him.

48.     STOLL returned to the spot where YOUNG lay, and forcibly took YOUNG's phone away from him. YOUNG pled with STOLL for urgent medical attention and relief for his pain, burning face and eyes, but STOLL offered no assistance. STOLL simply stared down at YOUNG.

49.     Fearing for his life and personal safety, YOUNG was forced to lie on the ground without any treatment under STOLL's watchful gaze for what felt like an eternity. To YOUNG, this time period was immeasurable. Each second that passed seemed longer than the last, with YOUNG's capacity and tolerance for his unrelenting pain nearing closer and closer to their expirations.

50.     Several minutes later Officer BRIAN REMINGTON ("REMINGTON") of the COR SHERIFF'S DEPARTMENT arrived at the scene. Officer REMINGTON,

12

**PLAINTIFF JEFFREY N. YOUNG'S COMPLAINT**

seemingly performing no real investigation and accepting an account of events proffered by STOLL, arrested YOUNG and placed him in the back of REMINGTON's squad car. YOUNG, who as this point was notably beaten and injured, was not provided with medical care at this time, despite informing REMINGTON of his disability, his injuries, and his current, acute, physical pain. YOUNG urgently needed medical care, but was instead left to sit upright in a hot patrol car for a considerable time. Moreover, despite YOUNG's pleas, REMINGTON denied YOUNG's requests for removal of the burning pepper spray residue that remained on his face. REMINGTON, without providing YOUNG with any medical treatment, then drove YOUNG to the police station. Despite Officer REMINGTON casually questioning YOUNG while transporting him to the police station, YOUNG was not read his Miranda Rights until after he arrived at the police station.

51.    For hours, YOUNG was then kept at the police station for questioning while his injuries were left unattended. YOUNG was placed in handcuffs, forcing his already tortured neck and spine to contort in varying directions. YOUNG was hot, dehydrated, and starving, exacerbating his already deteriorated condition. YOUNG pled with the interrogating officers for food, water, and medical care, but his requests were callously refused by the officers stating, "We haven't eaten yet either." Finally, after much begging, YOUNG was permitted to take a single sip of water.

52.    In the late afternoon YOUNG, physical pain still escalating, was placed upright in the back of a patrol car and was driven by two COR SHERIFF'S DEPARTMENT officers, DOUGLAS TODD ("TODD") and NICOLE RODEROS ("RODEROS"), to Loma Linda Hospital in Murrieta, California. Officers TODD and RODEROS shuffled a tightly handcuffed and shackled YOUNG into the hospital. The doctors at Loma Linda immediately ordered a CT scan of YOUNG's injuries and provided TODD and RODEROS with pain medication to give to YOUNG. Against the advice of YOUNG's doctors, TODD and RODEROS did not give YOUNG his pain medication. YOUNG also informed the nurses that his face was still burning due

**PLAINTIFF JEFFREY N. YOUNG'S COMPLAINT**

to the pepper spray and requested that the nurse wipe off the residue. TODD and RODEROS did not allow the nurses to wipe YOUNG's face and eyes to remove the pepper spray residue.

53.     Still famished and in great physical discomfort, YOUNG again begged TODD and RODEROS for some food. Once again, YOUNG's request was denied. Finally, YOUNG called out for a nurse and begged her for something to eat. The nurse brought YOUNG a sandwich and a drink, but because YOUNG's handcuffs were so tight, YOUNG could not grab a hold of either. YOUNG asked TODD and RODEROS to release one of his cuffs so that he may eat. TODD and RODEROS cruelly refused, stating, "If you can bend forward to eat your food, then you can eat it." For some time, YOUNG stared at his sandwich, unable to reach it or eat it. Finally, TODD and RODEROS released one of YOUNG's cuffs, allowing him to take only a few bites. However, without warning and for no stated reason, the officers took YOUNG's sandwich away from him.

54.     Later in the evening YOUNG was discharged from the hospital. YOUNG still had not been given his pain medication, nor had he been provided with the results of his CT scan. TODD and RODEROS did not permit the doctors and hospital staff to perform any further tests or to treat YOUNG's existing injuries.

55.     YOUNG was then taken to COR Southwest Detention Center, located at or near 30701-30795 Auld Road, in Murrieta, California, and was held on bail in the amount of $25,000. Upon arrival at the detention center, YOUNG informed the officer at check-in of his injuries, his pain, his physical disability, and that he suffered from hypertension, which required medication for the evening. The officer at the detention center dismissively informed YOUNG that he would be provided with his necessary medication. However, like the pain medication prescribed at the hospital, YOUNG's hypertension medication was never provided.

56.     After a truly miserable night, early the following morning, YOUNG's wife posted bail through a bail bonds service and YOUNG was released from jail.

**PLAINTIFF JEFFREY N. YOUNG'S COMPLAINT**

After nearly 20+ hours of unspeakable pain, suffering, and misery, YOUNG finally returned home.

57.     The effects of his ordeal, however, were lasting. As set forth more fully herein, YOUNG lost the majority of the movement along his right side and could barely move his neck without significant pain. YOUNG also began experiencing numbness and tingling in his extremities, and potentially irreparable and permanent damage to his neck and spine. As bad as his physical injuries were, however, his mental and emotional affects – displayed by fear, anxiety, nervousness, emotional distress, and sleeplessness, among other symptoms – were even worse.

58.     Several days after the attack, YOUNG received and reviewed the medical report from Loma Linda Hospital created on the day of the incident. YOUNG was shocked and horrified to discover the misinformation and lies provided to the hospital by Defendants. According to the medical report, Defendants allege that YOUNG was "reportedly being chased by police, when he crashed his car." This was, and is, entirely false.

59.     YOUNG was further stunned to learn that he was charged with felony battery on STOLL. YOUNG was severely beaten and battered by STOLL, but never fought back. YOUNG couldn't even defend himself. YOUNG, who was already suffering from immense physical pain, in addition to significant anxiety and sleeplessness, could now begin to feel the "blue wall" closing ranks around him. YOUNG trusted and respected police officers, but was beginning to understand that Officer STOLL, and perhaps select others within the COR SHERIFF'S DEPARTMENT, had itemized self-preservation over truth, justice, and honor. The specter of having enemies in the COR SHERIFF'S DEPARTMENT and the MENIFEE was scary, daunting and overwhelming for YOUNG.

60.     YOUNG knew that the allegations against him were untrue, but at the same time was deeply concerned for the safety and well-being of his family. If Officer STOLL and his co-conspirators at the COR SHERIFF'S DEPARTMENT were willing

**PLAINTIFF JEFFREY N. YOUNG'S COMPLAINT**

1   to lie on official documents, YOUNG wondered, what else would they be willing to

2   do? YOUNG feared for his safety and well-being.

3       61.   <u>At the time Defendants made the above referenced false reports as to</u>

4   <u>YOUNG's alleged conduct on the day of the incident,  Defendants were unaware that</u>

5   <u>YOUNG had proof to the contrary: YOUNG had home surveillance cameras mounted</u>

6   <u>at his residence showing STOLL's criminal, illegal, and unprovoked violent attack.</u>

7   <u>This video graphically and categorically validates YOUNG's version of events.</u>

8       62.   In the weeks following the incident, Defendants learned of the existence

9   of the surveillance video footage. The YOUNG household began to receive constant

10  and incessant calls and visits from members of the COR SHERIFF'S DEPARTMENT

11  inquiring about the location of the video. YOUNG and his family observed marked

12  sheriff's department vehicles slowly driving by their home, and sometimes stopping

13  outside, at least once per day. Given the rural and remote location of YOUNG's home,

14  this was no coincidence. YOUNG and his family interpreted this conduct as an attempt

15  to intimidate YOUNG and his family. If intimidation was the goal, Defendants were

16  entirely successful. YOUNG and his family lived in fear. YOUNG was afraid to leave

17  his home for fear of another violent attack at the hands of an Officer. Moreover, given

18  his health condition and his current state of affairs, YOUNG was not sure he would be

19  allowed to survive a second encounter.

20      63.   In the following days and weeks, YOUNG's physical and mental state

21  deteriorated exponentially. In addition to his facial injuries sustained from the punches

22  he received, YOUNG lost the majority of the movement in his right arm and could

23  barely move his neck without significant pain. YOUNG also began experiencing

24  numbness and tingling in his extremities. After his most recent doctor's visit, YOUNG

25  learned that the attack caused serious and potentially permanent injuries to his spine

26  that had not existed before the attack. The injuries were so substantial that the doctors

27  informed YOUNG he could have been fully paralyzed had YOUNG taken a few more

28  blows from STOLL. It is unclear if YOUNG will ever fully regain the feeling and

**PLAINTIFF JEFFREY N. YOUNG'S COMPLAINT**

range of motion in his extremities that he had prior to the attack.

64.    In addition to his physical injuries, YOUNG has exhibited significant mental distress and anguish in the form of sleeplessness, anxiety, hypervigilance, emotional distress, and other symptoms of Post-Traumatic Stress Disorder. YOUNG's anxiety and hypervigilance is primarily caused by his fear that he will be attacked again and that he cannot protect his family in the event that Defendants return to his home.  As a result of Defendants' extreme and outrageous conduct, YOUNG suffered physical and psychological injuries and trauma, emotional distress, medical expenses, and other damages. YOUNG's mental capacities have been significantly, and perhaps permanently, impacted by this gruesome event. YOUNG's ability to provide assistance, support, and care for his wife and children has been significantly impacted; his family must now attend to and care for him. YOUNG will never make a full recovery. He will not be able to return to life functions in the same capacity as prior to the violent attack. YOUNG's emotional distress is punishing, severe, ongoing, and substantial.

65.    On or about December 2, 2016, YOUNG appeared at an arraignment hearing in Riverside County Superior Court stemming from the false allegations that YOUNG committed battery upon STOLL (Case No. SWM1604573). The criminal case against YOUNG is still pending. YOUNG is committed to clearing his name of any wrongdoing, and is confident that justice and truth will prevail.

66.    On or about March 27, 2017, YOUNG filed a Claim for Damages with MENIFEE and COR related to the unprovoked attack upon him by STOLL and his subsequent unlawful arrest. MENIFEE and COR denied YOUNG's claims on or about April 10, 2017 and April 25, 2017, respectively. As such, YOUNG has exhausted the appropriate administrative remedies prior to the filing of this lawsuit.

67.    On information and belief, the separate acts and omissions of each of the Defendants, as set forth herein, were done intentionally and pursuant to a common plan and design to injure YOUNG. As a result of this civil conspiracy, each of the

Defendants should be held individually, jointly and severally liable and responsible for the entirety of Plaintiff's damages.

## FIRST CLAIM FOR RELIEF

## 42 U.S.C. 1983 CIVIL RIGHTS CLAIM – EXCESSIVE FORCE

## (Against All Defendants)

68.    Plaintiff realleges and incorporates by this reference paragraphs 1 through 67, inclusive, of this Complaint as if fully set forth herein.

69.    As alleged herein, Defendants MENIFEE, COR and COR SHERIFF'S DEPARTMENT, STOLL, REMINGTON, TODD, and RODEROS executed and enforced policies and customs which inflicted injury upon Plaintiff YOUNG, thereby subjecting Defendants to liability pursuant to section 1983. Defendants' execution and enforcement of polices and customs related to the training, supervision, and operation of Code Enforcement and Peace Officers.

70.    Defendants, acting under color of state law, willfully, intentionally, knowingly, maliciously and concertedly deprived Plaintiff of rights and privileges and immunities secured by the Constitution and the laws of the United States of America, including the Fourth, Eighth and Fourteenth Amendments (and the laws of the State of California), proximately causing the damages herein claimed, by acting with deliberate indifference to the rights of Plaintiff and subjecting Plaintiff to excessive force and threats of great bodily injury and attacking Plaintiff while acting within the course and scope of their employment with MENIFEE, COR and/or COR SHERIFF'S DEPARTMENT. Defendants' unjustified use of excessive force includes, but is not limited to:

    (a)    Pinning and/or restraining Plaintiff against Plaintiff's vehicle;

    (b)    Violently Punching Plaintiff multiple times (assault and battery);

    (c)    Pepper spraying Plaintiff in the face, eyes and mouth; and

    (d)    Kicking Plaintiff.

71.    As a proximate result of Defendants' actions, Plaintiff has incurred

damages in the form of physical, psychological and emotional injuries, including, without limitation, pain and suffering, nerve damage, sleep deprivation, humiliation, anxiety, depression, and Post Traumatic Stress Disorder, all of which are continuing; economic damages; and damages to his reputation.  Plaintiff's actual damages will be ascertained at trial.

72.    The conduct of Defendants was despicable, oppressive, malicious and expressly intended to injure or damage Plaintiff and was done with conscious disregard of his rights, thereby justifying an award of punitive damages against Defendants in a sum appropriate to punish and deter Defendants from similar future conduct.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below:

## SECOND CLAIM FOR RELIEF
## 42 U.S.C. 1983 CIVIL RIGHTS CLAIM – FALSE ARREST AND IMPRISONMENT
### (Against All Defendants)

73.    Plaintiff realleges and incorporates by this reference paragraphs 1 through 72, inclusive, of this Complaint as if fully set forth herein.

74.    As alleged herein, Defendants MENIFEE, COR and COR SHERIFF'S DEPARTMENT, STOLL, REMINGTON, TODD, and RODEROS executed and enforced policies and customs which inflicted injury upon Plaintiff YOUNG, thereby subjecting Defendants to liability pursuant to section 1983. Defendants' execution and enforcement of polices and customs related to the training, supervision, and operation of Code Enforcement and Peace Officers.

75.    Defendants, acting under color of state law, willfully, intentionally, knowingly, maliciously and concertedly deprived Plaintiff of rights and privileges and immunities secured by the Constitution and the laws of the United States of America, including the Fourth, Eighth and Fourteenth Amendments (and the laws of the State of

**PLAINTIFF JEFFREY N. YOUNG'S COMPLAINT**

California) proximately causing the damages herein claimed, by, and among other conduct:

> (a)     Arresting Plaintiff without probable cause and in an unreasonable manner;
>
> (b)     Failing to read Plaintiff his Miranda Rights upon his arrest;
>
> (c)     Falsely imprisoning Plaintiff; and
>
> (d)     Preparing false and misleading reports resulting in the prosecution of Plaintiff.

76.     Plaintiff was placed in jail for several hours following the arrest under the false pretense that he had physically attacked Defendant STOLL. Based on said false arrest, YOUNG was booked and forced to post bail. Plaintiff is currently defending a criminal case and is being forced to defend himself against frivolous criminal charges based upon false and misleading reports and lies from Defendants.

77.     As a proximate result of Defendants' actions, Plaintiff has incurred damages in the form of physical, psychological and emotional injuries, including, without limitation, pain and suffering, nerve damage, sleep deprivation, humiliation, anxiety, depression, and Post Traumatic Stress Disorder, all of which are continuing; economic damages; and damages to his reputation.  Plaintiff's actual damages will be ascertained at trial.

78.     The conduct of Defendants was despicable, oppressive, malicious and expressly intended to injure or damage Plaintiff and was done with conscious disregard of his rights, thereby justifying an award of punitive damages against Defendants in a sum appropriate to punish and deter Defendants from similar future conduct.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below:

///

///

**PLAINTIFF JEFFREY N. YOUNG'S COMPLAINT**

## **THIRD CLAIM FOR RELIEF**

## **42 U.S.C. 1983 CIVIL RIGHTS CLAIM – DENIAL OF MEDICAL CARE**

### **(Against All Defendants)**

79.     Plaintiff realleges and incorporates by this reference paragraphs 1 through 78, inclusive, of this Complaint as if fully set forth herein.

80.     As alleged herein, Defendants MENIFEE, COR and COR SHERIFF'S DEPARTMENT, STOLL, REMINGTON, TODD, and RODEROS executed and enforced policies and customs which inflicted injury upon Plaintiff YOUNG, thereby subjecting Defendants to liability pursuant to section 1983. Defendants' execution and enforcement of polices and customs related to: (1) the training, supervision, and operation of Code Enforcement and Peace Officers and (2) the providing of medical care and medical necessities to disabled and/or injured persons in custody, led directly to Plaintiff's harm.

81.     Defendants, acting under color of state law, willfully, intentionally, knowingly, maliciously and concertedly deprived Plaintiff of rights and privileges and immunities secured by the Constitution and the laws of the United States of America, including the Fourth, Eighth and Fourteenth Amendments (and the law of the State of California), proximately causing the damages herein claimed, by, and among other conduct:

(a)     Delaying several hours before taking injured Plaintiff to the hospital for treatment;

(b)     Refusing to give Plaintiff his prescribed pain medication, food, and drink while at the hospital and/or in custody; and

(c)     Denying Plaintiff access to his prescribed medication for hypertension while in custody.

82.     As a proximate result of Defendants' actions, Plaintiff has incurred damages in the form of physical, psychological and emotional injuries, including,

**PLAINTIFF JEFFREY N. YOUNG'S COMPLAINT**

without limitation, pain and suffering, nerve damage, sleep deprivation, humiliation, anxiety, depression, and Post Traumatic Stress Disorder, all of which are continuing; economic damages; and damages to his reputation.  Plaintiff's actual damages will be ascertained at trial.

83.    The conduct of Defendants was despicable, oppressive, malicious and expressly intended to injure or damage Plaintiff and was done with conscious disregard of his rights, thereby justifying an award of punitive damages against Defendants in a sum appropriate to punish and deter Defendants from similar future conduct.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below:

## FOURTH CLAIM FOR RELIEF
### 42 U.S.C. 1985(3) – EXCESSIVE FORCE
### (Against All Defendants)

84.    Plaintiff realleges and incorporates by this reference paragraphs 1 through 83, inclusive, of this Complaint as if fully set forth herein.

85.    Defendants, and each of them, violated U.S.C. section 1985, subsection (3) by conspiring to interfere with Plaintiff's Civil Rights.

86.    Defendants, and each of them, conspired for the wrongful purpose of:

(a)    Depriving Plaintiff of equal protection of the law;

(b)    Depriving Plaintiff of due process of law; and

(c)    Hindering the constituted authorities from giving or securing equal protection and due process of law to all persons, all to Plaintiff's damage as herein alleged.

87.    As a proximate result of Defendants' actions, Plaintiff has incurred damages in the form of physical, psychological and emotional injuries, including, without limitation, pain and suffering, nerve damage, sleep deprivation, humiliation,

**PLAINTIFF JEFFREY N. YOUNG'S COMPLAINT**

anxiety, depression, and Post Traumatic Stress Disorder, all of which are continuing; economic damages; and damage to his reputation.  Plaintiff's actual damages will be ascertained at trial.

88.    The conduct of Defendants was despicable, oppressive, malicious and expressly intended to injure or damage Plaintiff and was done with conscious disregard of his rights, thereby justifying an award of punitive damages against Defendants in a sum appropriate to punish and deter Defendants from similar future conduct.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below:

## FIFTH CLAIM FOR RELIEF

### MONELL CLAIM

### (Against Defendants MENIFEE, COR, COR SHERIFF'S DEPARTMENT and DOES 1 through 6)

89.    Plaintiff realleges and incorporates by this reference paragraphs 1 through 88, inclusive, of this Complaint as if fully set forth herein.

90.    Defendants are city and/or county entities that executed city and/or county policies and customs, in effect, causing the constitutional violations described herein.

91.    Defendants' failure to adequately train its officers and deputies proximately caused Plaintiff to sustain injuries and damage. As a proximate result of Defendants' actions, Plaintiff has incurred damages in the form of physical, psychological, and emotional injuries, including, without limitation, pain and suffering, nerve damage, sleep deprivation, humiliation, anxiety, depression, and Post Traumatic Stress Disorder, all of which are continuing; economic damages; and damage to his reputation. Plaintiff's actual damages will be ascertained at trial.

92.    As alleged herein, Defendants MENIFEE, COR and COR SHERIFF'S

23

**PLAINTIFF JEFFREY N. YOUNG'S COMPLAINT**

DEPARTMENT executed and enforced policies and customs which inflicted injury upon Plaintiff YOUNG, thereby subjecting Defendants to liability pursuant to section 1983. Defendants' execution and enforcement of polices and customs related to: (1) the training, supervision, and operation of Code Enforcement and/or Peace Officers, and (2) the providing of medical care and medical necessities to disabled and/or injured persons in custody, led directly to Plaintiff's harm.

93.    The conduct of Defendants was despicable, oppressive, malicious and expressly intended to injure or damage Plaintiff and was done with conscious disregard of his rights, thereby justifying an award of punitive damages against Defendants in a sum appropriate to punish and deter Defendants from similar future conduct.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below:

### SIXTH CLAIM FOR RELIEF
### VIOLATION OF 42 U.S.C. SECTION 1988
### (Against All Defendants)

94.    Plaintiff realleges and incorporates by this reference paragraphs 1 through 93, inclusive, of this Complaint as if fully set forth herein.

95.    To the extent that the personal resources of the individual Defendants herein are deficient in the amounts necessary to furnish a suitable remedy to Plaintiff, Defendants MENIFEE, COR, and COR Sheriff's Department are liable for such deficiency pursuant to 42 U.S.C. Section 1988.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below:

///

///

///

///

**PLAINTIFF JEFFREY N. YOUNG'S COMPLAINT**

## SEVENTH CLAIM FOR RELIEF

### ASSAULT

### (Against Defendants MENIFEE, COR, COR SHERIFF'S DEPARTMENT and STOLL)

96.     Plaintiff realleges and incorporates by this reference paragraphs 1 through 95, inclusive, of this Complaint as if fully set forth herein.

97.     On or about October 7, 2016, Defendants perpetrated the acts against Plaintiff described herein this Complaint.

98.     In doing the acts as alleged herein, Defendants intended to cause or to place Plaintiff in apprehension of harmful and offensive contact with Plaintiff's person.

99.     As a proximate result of Defendants' actions, Plaintiff has incurred damages in the form of physical, psychological, and emotional injuries, including, without limitation, pain and suffering, nerve damage, sleep deprivation, humiliation, anxiety, depression, and Post-Traumatic Stress Disorder, all of which are continuing; economic damages; and damage to his reputation.  Plaintiff's actual damages will be ascertained at trial.

100.   The conduct of Defendants was despicable, oppressive, malicious and expressly intended to injure or damage Plaintiff and was done with conscious disregard of his rights, thereby justifying an award of punitive damages against Defendants in a sum appropriate to punish and deter Defendants from similar future conduct.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below:

///

///

///

///

**PLAINTIFF JEFFREY N. YOUNG'S COMPLAINT**

### EIGHTH CLAIM FOR RELIEF

### BATTERY

### (Against All Defendants MENIFEE, COR, COUNTY OF RIVERSIDE SHERRIFF'S DEPARTMENT, and STOLL)

101.   Plaintiff realleges and incorporates by this reference paragraphs 1 through 100, inclusive, of this Complaint as if fully set forth herein.

102.   On or about October 7, 2016, Defendants perpetrated the acts against Plaintiff described herein this Complaint.

103.   In doing the acts as alleged herein, Defendants intended to cause harmful and offensive contact with Plaintiff's person.

104.   As a result of Defendants' acts as alleged herein, Defendants caused harmful and offensive contact with Plaintiff's person.

105.   As a proximate result of Defendants' actions, Plaintiff has incurred damages in the form of physical, psychological, and emotional injuries, including, without limitation, pain and suffering, nerve damage, sleep deprivation, humiliation, anxiety, depression, and Post-Traumatic Stress Disorder, all of which are continuing; economic damages; and damage to his reputation.  Plaintiff's actual damages will be ascertained at trial.

106.   The conduct of Defendants was despicable, oppressive, malicious and expressly intended to injure or damage Plaintiff and was done with conscious disregard of his rights, thereby justifying an award of punitive damages against Defendants in a sum appropriate to punish and deter Defendants from similar future conduct.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below:

///

///

///

**PLAINTIFF JEFFREY N. YOUNG'S COMPLAINT**

## NINTH CLAIM FOR RELIEF

### FALSE ARREST AND FALSE IMPRISONMENT

### (Against All Defendants)

107.   Plaintiff realleges and incorporates by this reference paragraphs 1 through 106, inclusive, of this Complaint as if fully set forth herein.

108.   On or about October 7, 2016, Defendants perpetrated the acts against Plaintiff described herein this Complaint. Defendants illegally and falsely arrested and imprisoned Plaintiff.

109.   Defendants intentionally, and without justification or consent of Plaintiff, restrained Plaintiff and did not allow him to move from his bounded area.

110.   As a proximate result of Defendants' actions, Plaintiff has incurred damages in the form of physical, psychological, and emotional injuries, including, without limitation, pain and suffering, nerve damage, sleep deprivation, humiliation, anxiety, depression, and Post Traumatic Stress Disorder, all of which are continuing; economic damages; and damage to his reputation.  Plaintiff's actual damages will be ascertained at trial.

111.   The conduct of Defendants was despicable, oppressive, malicious and expressly intended to injure or damage Plaintiff and was done with conscious disregard of his rights, thereby justifying an award of punitive damages against Defendants in a sum appropriate to punish and deter Defendants from similar future conduct.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below:

## TENTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Against All Defendants)

112.   Plaintiff realleges and incorporates by this reference paragraphs 1 through

27

111, inclusive, of this Complaint as if fully set forth herein.

113.   Plaintiff is informed and believes, and thereon alleges, that Defendants' actions described herein this Complaint were intentional, extreme and outrageous.

114.   Plaintiff is further informed and believes, and hereon alleges, that such actions were done with the intent to cause serious emotional distress and were done with reckless disregard of the probability of causing Plaintiff serious emotional distress.

115.   Defendants further acted with reckless disregard of YOUNG's safety with respect to YOUNG's injuries, failing to take appropriate steps or enact appropriate measures designed to prevent against the type of harm alleged herein.

116.   As a proximate result of Defendants' actions, Plaintiff has incurred damages in the form of physical, psychological, and emotional injuries, including, without limitation, pain and suffering, nerve damage, sleep deprivation, humiliation, anxiety, depression, and Post Traumatic Stress Disorder, all of which are continuing; economic damages; and damage to his reputation.  Plaintiff's actual damages will be ascertained at trial.

117.   The conduct of Defendants was despicable, oppressive, malicious and expressly intended to injure or damage Plaintiff and was done with conscious disregard of his rights, thereby justifying an award of punitive damages against Defendants in a sum appropriate to punish and deter Defendants from similar future conduct.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below:


## ELEVENTH CAUSE OF ACTION

### CONSPIRACY

### (Against All Defendants)

118.   Plaintiff realleges and incorporates by this reference paragraphs 1 through

**PLAINTIFF JEFFREY N. YOUNG'S COMPLAINT**

117, inclusive, of this Complaint as if fully set forth herein.

119.   Defendants conspired to commit wrongful conduct, including the use of excessive force, as evidenced by Defendants' commission of assault and battery against Plaintiff, designed to injure Plaintiff, cause him damage, strike fear in him, and wrongfully accuse him of crimes which he did not commit. Defendants' actions were driven by vengeance for Plaintiff's involvement in a motor vehicle accident with Defendant STOLL, as well as other motivations currently unknown to Plaintiff.

120.   Defendants' plot was formed and carried out without the knowledge or consent of Plaintiff. Defendants effectuated the conspired plan by violently beating Plaintiff, arresting Plaintiff at his home, taking him to the hospital where the Defendants falsely told hospital staff that Plaintiff was being chased by officers and that Plaintiff physically attacked STOLL, and then seeking criminal charges for battery against Plaintiff without probable cause. Defendants formed and operated the conspiracy to injure Plaintiff for their own benefit.

121.   As a proximate result of Defendants' actions, Plaintiff has incurred damages in the form of physical, psychological, and emotional injuries, including, without limitation, pain and suffering, nerve damage, sleep deprivation, humiliation, anxiety, depression, and Post Traumatic Stress Disorder, all of which are continuing; economic damages; and damage to his reputation. Plaintiff's actual damages will be ascertained at trial.

122.   The conduct of Defendants was despicable, oppressive, malicious and expressly intended to injure or damage Plaintiff and was done with conscious disregard of his rights, thereby justifying an award of punitive damages against Defendants in a sum appropriate to punish and deter Defendants from similar future conduct.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below:

///

**PLAINTIFF JEFFREY N. YOUNG'S COMPLAINT**

## TWELFTH CAUSE OF ACTION

### ABUSE OF PROCESS

### (Against All Defendants)

123.   Plaintiff realleges and incorporates by this reference paragraphs 1 through 122, inclusive, of this Complaint as if fully set forth herein.

124.   Defendants willfully and maliciously falsely arrested Plaintiff without cause to support the arrest. Further, Defendants arrested Plaintiff with the improper purpose of causing Plaintiff harm and injury and perpetrating injustice.

125.   As a proximate result of Defendants' actions, Plaintiff has incurred damages in the form of physical, psychological, and emotional injuries, including, without limitation, pain and suffering, nerve damage, sleep deprivation, humiliation, anxiety, depression, and Post Traumatic Stress Disorder, all of which are continuing; economic damages; and damage to his reputation. Plaintiff's actual damages will be ascertained at trial.

126.   The conduct of Defendants was despicable, oppressive, malicious and expressly intended to injure or damage Plaintiff and was done with conscious disregard of his rights, thereby justifying an award of punitive damages against Defendants in a sum appropriate to punish and deter Defendants from similar future conduct.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below:

## THIRTEENTH CAUSE OF ACTION

### NEGLIGENCE

### (Count One: Against Defendants MENIFEE, COR, and COR SHERIFF'S DEPARTMENT)

127.   Plaintiff realleges and incorporates by this reference paragraphs 1 through 126, inclusive, of this Complaint as if fully set forth herein.

30

**PLAINTIFF JEFFREY N. YOUNG'S COMPLAINT**

128.   Defendants, and each of them, owed Plaintiff a duty to provide Plaintiff with appropriate treatment, accommodation, and medical care in a timely and appropriate manner. By placing Plaintiff in peril, and by causing the injuries and damages to Plaintiff which necessitated specific treatment and care, Defendants were under a duty to act reasonably and responsibly, as Plaintiff's need for medical attention was open and obvious. Moreover, Defendants owed a duty to appropriately train and supervise their employees and to prevent said employees from performing overly negligent acts or misdeeds.

129.   Defendants breached this duty by engaging in the following acts:

(a)   Placing Plaintiff in peril, and then failing to come to his aide as he was suffering from agony, pain, suffering, and substantial physical and psychological injury;

(b)   Failing to timely acknowledge treat, and accommodate Plaintiff's injury and/or disability, causing both new  injury and an exacerbation of existing injury;

(c)   Delaying several hours before taking Plaintiff to the hospital for treatment;

(d)   Refusing to give Plaintiff his prescribed pain medication, food, and drink while at the hospital and/or in custody, despite medical advice to the contrary;

(e)   Denying Plaintiff access to his prescribed medication for hypertension while in custody; and

(f)   Preparing and filing false and misleading reports.

130.   Defendants further owed a duty to Plaintiff to retain, train, re-train and supervise their deputies/officers, including those within the Code Enforcement division. On information and belief, Defendants learned and had knowledge of some officers' violent propensities and/or prior bad acts and failed to re-train, suspend or otherwise prevent those deputies/officers from performing misdeeds. Defendants

31

**PLAINTIFF JEFFREY N. YOUNG'S COMPLAINT**

breached their duty owed to the public and the residents of the Menifee/County of Riverside, including Plaintiff. Defendants' failure to adequately train its officers and deputies and negligent failure to use reasonable efforts to assist Plaintiff, care for Plaintiff, and/or prevent further harm to Plaintiff caused Plaintiff to sustain injuries and damages, as described herein.

131.   As a proximate result of Defendants' actions, Plaintiff has incurred damages in the form of physical, psychological, and emotional injuries, including, without limitation, pain and suffering, nerve damage, sleep deprivation, humiliation, anxiety, depression, and Post-Traumatic Stress Disorder, all of which are continuing; economic damages; and damage to his reputation. Plaintiff's actual damages will be ascertained at trial.

**(Count Two: Against Defendants STOLL, TODD, RODEROS, REMINGTON, AND DOES 5 through 10)**

132.   Plaintiff realleges and incorporates by this reference paragraphs 1 through 131, inclusive, of this Complaint as if fully set forth herein.

133.   In the alternative to Count One above, if Defendants STOLL, TODD, RODEROS, REMINGTON, and DOES 1 through 10 were *not* acting on behalf of Defendants MENIFEE, COR and/or COR SHERIFF'S DEPARTMENT or were not acting within the scope of their employment, then the conduct of these Defendants is not subject to the California Tort Claims Act and these Defendants may be held individually liable for their conduct.

134.   Defendants, and each of them, owed Plaintiff a duty to provide Plaintiff with appropriate treatment, accommodation, and medical care in a timely and appropriate manner. By placing Plaintiff in peril, and by causing the injuries and damages to Plaintiff which necessitated specific treatment and care, Defendants were under a duty to act reasonably and responsibly, as Plaintiff's need for medical attention was open and obvious.

135.   Defendants breached this duty by engaging in the following acts, among

**PLAINTIFF JEFFREY N. YOUNG'S COMPLAINT**

other conduct:

    (a)    Placing Plaintiff in peril, and then failing to come to his aide as he was suffering from agony, pain, suffering, and substantial physical and psychological injury;

    (b)    Failing to timely acknowledge, treat, and accommodate Plaintiff's injury and/or disability, causing both new injury and an exacerbation of existing injury;

    (c)    Delaying several hours before taking Plaintiff to the hospital for treatment;

    (d)    Refusing to give Plaintiff his prescribed pain medication, food, and drink while at the hospital, despite medical advice to the contrary;

    (e)    Denying Plaintiff access to his prescribed medication for hypertension while in custody; and

    (f)    Preparing and filing false and misleading reports.

136. In committing the negligent acts and omissions alleged herein, Defendants breached their duty owed to Plaintiff and caused Plaintiff to sustain injuries and damages.

137. As a proximate result of Defendants' actions, Plaintiff has incurred damages in the form of physical, psychological, and emotional injuries, including, without limitation, pain and suffering, nerve damage, sleep deprivation, humiliation, anxiety, depression, and Post-Traumatic Stress Disorder, all of which are continuing; economic damages; and damage to his reputation. Plaintiff's actual damages will be ascertained at trial

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below:

///

///

///

**PLAINTIFF JEFFREY N. YOUNG'S COMPLAINT**

## FOURTEENTH CAUSE OF ACTION

### VIOLATION OF CAL. CIV. CODE § 52.1 [BANE ACT]

### (Against Defendants MENIFEE, COR, COR SHERIFF'S

### DEPARTMENT, and STOLL)

138.   Plaintiff realleges and incorporates by this reference paragraphs 1 through 137, inclusive, of this Complaint as if fully set forth herein.

139.   As alleged herein, Defendants MENIFEE, COR, COR SHERIFF'S DEPARTMENT, and STOLL unlawfully interfered by threats, intimidation, coercion, and violence with Plaintiff's exercise and enjoyment of rights granted to Plaintiff by the California Constitution, the United States Constitution, and related legal rights.

140.   Defendants, acting under color of state law, willfully, intentionally, knowingly, maliciously and concertedly deprived Plaintiff of rights and privileges and immunities secured by the Constitution and the laws of the United States of America, including the Fourth, Eighth and Fourteenth Amendments (and the laws of the State of California), proximately causing the damages herein claimed, by, and among other conduct:

(a) Acting with deliberate indifference to the rights of Plaintiff and subjecting Plaintiff to excessive force and threats of great bodily injury;

(b) Attacking Plaintiff while acting within the course and scope of employment with MENIFEE, COR and/or COR SHERIFF'S DEPARTMENT, and subsequently falsely arresting Plaintiff;

(c) Excessively intimidating, threatening, harassing, punching, kicking, pepper spraying, and otherwise beating Plaintiff;

(d) Arresting Plaintiff without probable cause and in an unreasonable manner;

(e) Failing to read Plaintiff his Miranda Rights upon his arrest;

(f) Falsely imprisoning Plaintiff;

(g) Delaying several hours before taking Plaintiff to the hospital for

treatment;

(h)    Refusing to give Plaintiff his prescribed pain medication, food, and drink while at the hospital and/or in custody;

(i)    Preparing false and misleading reports resulting in the prosecution of Plaintiff; and

(j)    Denying Plaintiff access to his prescribed medication for hypertension while in custody.

141.   The acts alleged herein deprived Plaintiff of rights granted to him by the Fourth, Eighth, Fourteenth Amendments of the Constitution of the United States of America. The acts alleged herein further deprived Plaintiff of rights granted to him by the Constitution of the State of California, including without limitation Article I, sections 1, 7, 13, 17, 24, and 29.

142.   Following the unlawful beating administered by Defendants, Plaintiff was arrested without cause and placed in jail for several hours. The arrest was under the false pretense that Plaintiff had physically attacked Defendant STOLL. Based on said false arrest, YOUNG was booked and forced to post bail. Plaintiff is currently defending a criminal case and is being forced to defend himself against frivolous criminal charges based upon false and misleading reports and lies from Defendants.

143.   As a proximate result of Defendants' actions, Plaintiff has incurred damages in the form of physical, psychological and emotional injuries, including, without limitation, pain and suffering, nerve damage, sleep deprivation, humiliation, anxiety, depression, and Post Traumatic Stress Disorder, all of which are continuing; economic damages; and damages to his reputation.  Plaintiff's actual damages will be ascertained at trial.

144.   The conduct of Defendants was despicable, oppressive, malicious and expressly intended to injure or damage Plaintiff and was done with conscious disregard of his rights, thereby justifying an award of punitive damages against Defendants in a sum appropriate to punish and deter Defendants from similar future

**PLAINTIFF JEFFREY N. YOUNG'S COMPLAINT**

conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth as follows:

**As to the First, Second, Third, Fourth, Fifth and Sixth Causes of Action:**

1. For general damages;

2. For compensatory damages;

3. For exemplary and punitive damages (against each of the Defendants) in an amount sufficient to make an example of those Defendants and to deter them and all others who would behave as Defendants have herein;

4. For attorneys' fees and costs, as allowed for by law;

5. For costs of suit, including pre and post-judgment interest at the legal rate, as allowed for by law; and

6. For such further relief as the Court may deem just and proper.

**As to the Seventh, Eighth, Ninth, Tenth, Eleventh and Twelfth Causes of Action:**

1. For general damages;

2. For compensatory damages;

3. For exemplary and punitive damages (against each of the Defendants) in an amount sufficient to make an example of those Defendants and to deter them and all others who would behave as Defendants have herein;

4. For costs of suit, including attorneys' fees and costs as allowed for by law;

5. For interest, including pre and post-judgment interest, as allowed for by law; and

6. For any such other and further relief the Court deems just and proper.

**As to the Thirteenth Cause of Action:**

1. For general damages;

2. For compensatory damages;

3. For costs of suit, as allowed for by law;

36

4.    For interest, including pre and post-judgment interest, as allowed for by law; and

5.    For any other further relief as the Court deems just and proper.

**As to the Fourteenth Cause of Action:**

1.    For general damages;

2.    For compensatory damages;

3.    For damages awardable pursuant to California Civil Code section 52 et al.;

4.    For other appropriate equitable relief to protect the peaceable exercise or enjoyment of Plaintiff's rights pursuant to California Civil Code sections 52 et al., 52.1(b);

5.    For attorney's fees pursuant to California Civil Code section 52.1(h);

6.    For costs of suit, as allowed for by law;

7.    For interest, including pre and post-judgment interest, as allowed for by law; and

8.    For any other further relief as the Court deems just and proper.


DATED: August 11, 2017

Respectfully submitted,
**ULWELLING | SIDDIQUI LLP**


By:   _/s/  Omar A. Siddiqui /_          _
**OMAR A. SIDDIQUI, ESQ.**
**DANIEL M. JOSEPHSON, ESQ.**
**JONATHAN C. HATFIELD, ESQ.**
**BRITTANY A. ORTIZ, ESQ.**
Attorneys for Plaintiff
**JEFFREY YOUNG**

**PLAINTIFF JEFFREY N. YOUNG'S COMPLAINT**

## DEMAND FOR TRIAL BY JURY

Plaintiff JEFFREY YOUNG hereby demands a trial by jury on all issues raised in the Complaint.

DATED: August 11, 2017

Respectfully submitted,
**ULWELLING | SIDDIQUI LLP**

By: _/s/ Omar A. Siddiqui /_ _____ _
**OMAR A. SIDDIQUI, ESQ.**
**DANIEL M. JOSEPHSON, ESQ.**
**JONATHAN C. HATFIELD, ESQ.**
**BRITTANY A. ORTIZ, ESQ.**
Attorneys for Plaintiff
**JEFFREY N. YOUNG**