**SIDDIQUI LAW, A Prof. Corp**
Omar A. Siddiqui, Esq. (Bar No. 213581)
Daniel M. Josephson, Esq. (Bar No. 245895)
Nicole Soma, Esq. (Bar No. 322184)
Ryan Gonzales, Esq. (Bar No. 334964)
Imran A. Kamil, Esq. (Bar No. 322478)
695 Town Center Drive, Ste. 230
Costa Mesa, California 92626
Telephone: (714) 384-6650
Facsimile: (714) 384-6651
osiddiqui@sidlawpc.com
djosephson@sidlawpc.com
nsoma@sidlawpc.com
rgonzales@sidlawpc.com
ikamil@sidlawpc.com

Attorneys for Plaintiff,
**JEFFREY N. YOUNG**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| JEFFREY N. YOUNG, an individual, | CASE NO. 5:17-cv-1630-JGB (SPx) |
| | JUDGE: Hon. Jesus G. Bernal |
| Plaintiff, | **[PROPOSED] JOINT FINAL PRETRIAL CONFERENCE ORDER** |
| vs. | |
| CITY OF MENIFEE, a public entity; COUNTY OF RIVERSIDE, a public entity; RIVERSIDE COUNTY SHERIFF'S DEPARTMENT, a public entity; SCOTT STOLL, an individual; DOUGLAS TODD, an individual; NICOLE RODEROS, an individual;  BRIAN REMINGTON, an individual;  AND DOES 1 through 10, inclusive, | Complaint Filed: August 11, 2017<br>Trial Date: November 7, 2023 |
| Defendants. | |

*///*

1

**[PROPOSED] JOINT FINAL PRETRIAL CONFERENCE ORDER**

Following pre-trial proceedings, pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16, **IT IS ORDERED**:

**1.    THE PARTIES AND PLEADINGS**

The Court granted-in-part and denied-in-part the Motions for Summary Judgment by Defendants, the City of Menifee, County of Riverside and Scott Stoll. As a result, Plaintiff is no longer pursuing causes of action against the County of Riverside, Brian Remington, Nina Zalunardo and Thomas Johnson. The County of Riverside, Brian Remington, Nina Zalunardo and Thomas Johnson agreed to a waiver of fees & costs in exchange for Plaintiff waiving his right to appeal the MSJ ruling.

**2.    JURISDICTION**

It is stipulated that subject matter jurisdiction over this action exists under 28 U.S.C. § 1331, and venue is proper in this District and this Division pursuant to 28 U.S.C. § 1391.

**3.    TRIAL DURATION**

The trial is estimated to take nine (9) trial days.

**4.    JURY TRIAL**

The trial is to be a jury trial on all causes of action. Timely demand for jury trial was made by Plaintiff concurrent with the filing of the initial complaint.

Plaintiff and Defendant shall serve and file "Agreed Upon Set of Jury Instructions and Verdict Forms" as well as the "Joint Statement re Disputed Instructions, Verdicts, etc." by no later than October 10, 2023.

**5.    ADMITTED FACTS**

None.

**6.    STIPULATED FACTS**

The following facts, though stipulated, shall be without prejudice to any evidentiary objection:

**JOINT [PROPOSED] FINAL PRETRIAL CONFERENCE ORDER**

a. Scott Stoll was employed by the City of Menifee at the time of the subject incident.

b. On October 7, 2016, City of Menifee Senior Code Enforcement Officer Scott Stoll responded to 30140 Golden J. Lane in the City of Menifee.

c. Officer Stoll arrived at the property to investigate a neighbor's complaint regarding a lighting issue.

d. While Young was out getting lunch, he received a call from his daughter informing him that Code Enforcement was at their house.

e. As Young arrived at his residence, his vehicle collided with Officer Stoll's vehicle..

f. Young exited his vehicle and walked to the front of his vehicle to inspect the rear of Officer Stoll's vehicle.

g. As Young was retrieving fast food from his vehicle for his daughter waiting for him at home, Officer Stoll began walking from the front driver's side of his vehicle toward Young's vehicle.

h. Young informed his neighbor, Linda Lewis, who had arrived at the house, that he would open the gate for her to pull her vehicle in and that he had food in his car for his daughter.

i. Thereafter, a physical altercation occurred between Young and Officer Stoll.

j. Officer Stoll called for County of Riverside Sheriff Deputy Brian Remington to arrive on scene.

k. Deputy Remington arrested Young, for two offenses (1) California Penal Code § 243(c)(1) (battery against a peace officer)8 and (2) California Penal Code § 594(b)(1) (vandalism).

///

3

**JOINT [PROPOSED] FINAL PRETRIAL CONFERENCE ORDER**

7.    **PARTIES' CLAIMS AND DEFENSES**

Plaintiff's Claims:

(a)    Plaintiff plans to pursue the following claims against Defendants:

Claim 1: Violation of 42 U.S.C. § 1983 - Excessive Force (against Defendant Stoll only)

Claim 2: Violation of 42 U.S.C. § 1983 - Denial of Medical Care (against Defendant Stoll only)

Claim 3: Assault (against Defendant Stoll only)

Claim 4: Battery (against Defendant Stoll only)

Claim 5: False Arrest and False Imprisonment (against Defendants Stoll and the City of Menifee)

Claim 6: Intentional Infliction of Emotional Distress (against Defendants Stoll and the City of Menifee)

Claim 7: Negligence (against Defendants Stoll and the City of Menifee)

Claim 8: Violation of Cal. Civ. Code § 52.1: "Bane Act" (against Officer Stoll and the City of Menifee).

(b)    The elements required to establish Plaintiff's claims are:

Claim 1:

    a.  Officer Stoll used excessive force against Plaintiff.

    b.  The excessive force proximately caused injuries and damages to Plaintiff.

Claim 2:

    a.  Officer Stoll denied Plaintiff access to reasonable medical care.

    b.  The denial proximately caused injuries and damages to Plaintiff.

Claim 3:

    a.  Officer Stoll assaulted Plaintiff.

    b.  The assault proximately caused injuries and damages to Plaintiff.

**JOINT [PROPOSED] FINAL PRETRIAL CONFERENCE ORDER**

Claim 4:

    a. Officer Stoll committed a battery on Plaintiff.

    b. The battery proximately caused injuries and damages to Plaintiff.

Claim 5:

    a. Officer Stoll intentionally deprived Plaintiff of his freedom of movement by use of force and threats of force.

    b. Officer Stoll intentionally caused Plaintiff to be arrested without reasonable cause.

    c. The deprivation of freedom proximately caused injuries and damages to Plaintiff.

    d. Plaintiff's arrest without reasonable cause proximately caused injuries and damages to Plaintiff.

Claim 6:

    a. Officer Stoll and the City of Menifee each engaged in extreme and outrageous conduct.

    b. The conduct of Officer Stoll and the City of Menifee was intended to cause Plaintiff to suffer emotional distress.

    c. The conduct of Officer Stoll and the City of Menifee proximately caused Plaintiff to suffer severe emotional distress.

Claim 7:

    a. Officer Stoll and the City of Menifee were each negligent in their duty of care with respect to Plaintiff Young.

    b. The negligence of Officer Stoll and the City of Menifee proximately caused injuries and damages to Plaintiff Young.

Claim 8:

    a. Officer Stoll and the City of Menifee intentionally interfered with Plaintiff Young's civil rights by threats, intimidation or coercion.

**JOINT [PROPOSED] FINAL PRETRIAL CONFERENCE ORDER**

      b.  The interference with Plaintiff Young's civil rights by Officer Stoll and the City of Menifee proximately caused injuries and damages to Plaintiff Young.

(c)    The Key Evidence Plaintiff Relies on for Each Claim:

Claim 1:

    a.  Home video surveillance footage.

    b.  Testimony of Witness Linda Lewis.

    c.  Testimony of Plaintiff, Jeffrey Young.

    d.  Testimony of Defendant, Scott Stoll.

    e.  Testimony of Madison Young.

Claim 2:

    a.  Home video surveillance footage.

    b.  Testimony of Plaintiff, Jeffrey Young.

    c.  Testimony of Madison Young.

Claim 3:

    a.  Home video surveillance footage.

    b.  Testimony of Plaintiff, Jeffrey Young.

    c.  Testimony of Madison Young.

    d.  Plaintiff's Medical Records.

Claim 4:

    a.  Home video surveillance footage.

    b.  Testimony of Plaintiff, Jeffrey Young.

    c.  Testimony of Madison Young.

    d.  Plaintiff's Medical Records.

Claim 5:

    a.  Home video surveillance footage.

6

**JOINT [PROPOSED] FINAL PRETRIAL CONFERENCE ORDER**

1    b.  Testimony of Plaintiff, Jeffrey Young.

2    c.  Testimony of Defendant, Scott Stoll.

3    d.  Testimony of Madison Young.

4    Claim 6:

5    a.  Home video surveillance footage.

6    b.  Testimony of Plaintiff, Jeffrey Young.

7    c.  Testimony of Witness, Linda Lewis.

8    d.  Testimony of Elizabeth Young.

9    e.  Testimony of Defendant, Scott Stoll.

10    f.  Testimony of Madison Young.

11    g.  Plaintiff's Medical Records.

12    h.  Report of Dr. Ari Kalechstein.

13    Claim 7:

14    a.  Home video surveillance footage.

15    b.  Testimony of Plaintiff, Jeffrey Young.

16    c.  Testimony of Witness, Linda Lewis.

17    d.  Testimony of Elizabeth Young.

18    e.  Testimony of Defendant, Scott Stoll.

19    f.  Testimony of Madison Young.

20    g.  Plaintiff's Medical Records.

21    h.  Report of Dr. Ari Kalechstein.

22    Claim 8:

23    a.  Home video surveillance footage.

24    b.  Testimony of Plaintiff, Jeffrey Young.

25    c.  Testimony of Witness, Linda Lewis.

26    d.  Testimony of Elizabeth Young.

27    e.  Testimony of Defendant, Scott Stoll.

28

7

**JOINT [PROPOSED] FINAL PRETRIAL CONFERENCE ORDER**

f.  Testimony of Madison Young.

g.  Plaintiff's Medical Records.

h.  Testimony of Persons Most Qualified for the City of Menifee.

City's Affirmative Defenses:

(a)    The City plans to pursue the following affirmative defenses:

As to Claim 5: False Arrest

Defense 1: Officer Stoll had probable cause to effect a citizen's arrest of Young.

Defense 2: Officer Stoll's use of force was reasonable.

Defense 3: Young was not harmed.

Defense 4. Officer Stoll was acting outside the course and scope of employment.

Defense 5: The City had no notice whether Officer Stoll had any violent propensities.

Defense 6: The City did not authorize Officer Stoll to use force.

Defense 7: Young failed to mitigate his damages.

As to Claim 6: Intentional Infliction of Emotional Distress

Defense 1: Officer Stoll was acting in self defense.

Defense 2: Young consented to the circumstances of the incident.

Defense 3: Officer Stoll was acting outside the course and scope of employment.

Defense 4: The City had no notice whether Officer Stoll had any violent propensities.

Defense 5: The City did not authorize Officer Stoll to use force.

Defense 6: Young was not harmed.

Defense 7: Young failed to mitigate his damages.

As to Claim 7: Negligence

Defense 1: Young was contributorily negligent.

**JOINT [PROPOSED] FINAL PRETRIAL CONFERENCE ORDER**

Defense 2: Young assumed the risk.

Defense 3: Young consented to the circumstances of the incident.

Defense 4: The City's and Stoll's conduct was reasonable given the circumstances.

Defense 5: Officer Stoll was acting outside the course and scope of employment.

Defense 6: The City properly trained Officer Stoll.

Defense 7: The City properly supervised Officer Stoll.

Defense 8: The City properly retained Officer Stoll.

Defense 9: The City had no notice whether Officer Stoll had any violent propensities.

Defense 10: The City did not authorize Officer Stoll to use force.

Defense 11: Young was not harmed.

Defense 12: Young failed to mitigate his damages.

As to Claim 8: Violation of Cal. Civ. Code § 52.1: "Bane Act"

Defense 1: Officer Stoll was acting in self-defense.

Defense 2: Officer Stoll was acting outside the course and scope of Employment.

Defense 3: The City had no notice whether Officer Stoll had any violent propensities.

Defense 4: The City did not authorize Officer Stoll to use force.

Defense 5: Young was not harmed.

Defense 6: Young failed to mitigate his damages.

(b)    Elements of Affirmative Defense:

Probable Cause. Officer Stoll had probable cause to effect a citizen's arrest. "What is probable cause, as has been often announced, is not a question of fact for the jury, but one of law for the court, to be decided in accordance with the circumstances at the time

9

**JOINT [PROPOSED] FINAL PRETRIAL CONFERENCE ORDER**

1  of the detention, unhampered by the outcome of the charge against the plaintiff of the
2  public offense or by the conclusions of the trial court." (*Collyer v. S.H. Kress Co.,* 5 Cal.2d
3  175, 181 (1936), internal citations omitted.)

4      Self-Defense. That Officer Stoll reasonably believed that Young was going
5  to harm him and that Officer Stoll used only the amount of force that was reasonably
6  necessary to protect himself. "In a suit for assault and battery, the defendant is not liable if
7  that defendant reasonably believed, in view of all the circumstances of the case, that the
8  plaintiff was going to harm him or her and the defendant used only the amount of force
9  reasonably necessary to protect himself or herself." (*J.J. v. M.F.* (2014) 223 Cal.App.4th
10  968, 976.)

11      Consent. "Consent to an act, otherwise a battery, normally vitiates the
12  wrong." (*Barbara A. v. John G.* (1983) 145 Cal.App.3d 369, 375.)

13      Contributory Negligence. That Young was negligent; and that Young's
14  negligence was a substantial factor in causing his harm.

15      Assumption of the Risk. "Thus we have [plaintiffs' deceased son], as the trial
16  court found, voluntarily engaging in a gang fight with full knowledge of the dangers
17  incident thereto and with complete indifference to such dangers and probable injury. In
18  such circumstances he was, in the language of the trial judge, 'asking for it.' Thus he
19  assumed the risk *incident to his participation in this unfortunate and dangerous affair."*
20  *(Studer v. Plough* (1960) 179 Cal.App.2d 436, 442.)

21      Failure to Mitigate Damages. "It has been the policy of the courts to
22  promote the mitigation of damages. The doctrine applies in tort, wilful as well as
23  negligent. A plaintiff cannot be compensated for damages which he could have avoided
24  by reasonable effort or expenditures." (*Green v. Smith* (1968) 261 Cal.App.2d 392, 396,
25  internal citations omitted.)
26  Stoll's Affirmative Defenses:
27      (a) Stoll plans to pursue the following affirmative defenses:
28

**JOINT [PROPOSED] FINAL PRETRIAL CONFERENCE ORDER**

As to Claim 1: Excessive Force §1983

1. Stoll was acting in self-defense.

2. Probable cause to arrest

3. Young was not harmed

As to Claim 2: Denial of Medical Care

1. Comparative fault

2. Failure to mitigate damages

3. Reasonable medical care was provided by Stoll

4. Young was not harmed

As to Claim 3: Assault

1. Stoll was acting in self-defense

2. Comparative fault

3. Failure to mitigate damages

4. Young was not harmed

As to Claim 4: Battery

1. Stoll was acting in self defense

2. Comparative fault

3. Failure to mitigate damages

4. Young was not harmed

As to Claim 5: False Arrest

1. Probable cause to arrest

2. Comparative fault

3. Failure to mitigate damages

4. Young was not harmed

As to Claim 6: Intentional Infliction of Emotional Distress

1. Stoll was acting in self defense

2. Probable cause to arrest

**JOINT [PROPOSED] FINAL PRETRIAL CONFERENCE ORDER**

3.  Comparative fault

4.  Failure to mitigate damages

5.  Young was not harmed

As to Claim 7: Negligence

1.  Stoll was acting in self defense

2.  Probable cause to arrest

3.  Comparative fault

4.  Failure to mitigate damages

5.  Young was not harmed

As to Claim 8: Bane Act

1.  Stoll was acting in self defense

2.  Probable cause to arrest

3.  Comparative fault

4.  Failure to mitigate damages

5.  Young was not harmed

(b)  Elements of Affirmative Defenses:

Self Defense : (1) Stoll reasonably believed that Young was going to harm him and (2) Stoll used only the amount of force that was reasonably necessary to protect himself. See CACI 1304 Jury Instruction (2023).

Probable Cause for Citizen's Arrest: Stoll claims the citizen's arrest was not wrongful because he had authority to cause Young to be arrested without a warrant. If Stoll proves that Young committed or attempted to commit a crime in Stoll's presence, then the arrest was lawful. See CACI 1404 Jury Instruction (2023).

Comparative Fault of Plaintiff: (1) Young was negligent, and (2) That Young's negligence was a substantial factor in causing his harm. If Stoll proves the above, Young's damages are reduced by the percentage of Young's responsibility. See CACI 405 Jury Instruction (2023).

**JOINT [PROPOSED] FINAL PRETRIAL CONFERENCE ORDER**

Failure to Mitigate Damages: If the jury decides that Stoll is responsible for the original harm, Young is not entitled to recover damages for harm that Stoll proves Young could have avoided with reasonable efforts or expenditures. Consideration should be given to the reasonableness of Young's efforts in light of the circumstances facing him at the time, including his ability to make the efforts or expenditures without undue risk or hardship. If Young made reasonable efforts to avoid harm, then an award should include reasonable amounts that he spent for this purpose. See CACI 3930 Jury Instruction (2023).

## 8.   REMAINING TRIABLE ISSUES

In view of the admitted facts and the elements required to establish the claims and affirmative defenses, the following issues remain to be tried:

a.  Did Officer Stoll use excessive force against Young?

b.  Did Officer Stoll falsely arrest / imprison Young?

c.  Was Officer Stoll entitled to perform a citizen's arrest on Young?

d.  Did Officer Stoll assault and batter Young?

e.  Was Officer Stoll acting in self-defense?

f.  Did Officer Stoll provide adequate medical care to Young?

g.  Was Officer Stoll acting within the course and scope of employment?

h.  Did the City negligently train, supervise or retain Officer Stoll?

i.  Did Young sustain any injuries as a result of the incident?

j.  What are Young's damages?

## 9.   DISCOVERY

All discovery is complete.

## 10.   DISCLOSURES AND EXHIBIT LIST

All disclosures under Fed. R. Civ. P. 26(a)(3) have been made. The Joint Exhibit List of the parties was filed under separate cover as required by L.R. 16-6.1 on October 2, 2023 [Dkt. No. 197].

///

13

**JOINT [PROPOSED] FINAL PRETRIAL CONFERENCE ORDER**

**11.    WITNESS LISTS/EXPERT WITNESSES**

The Joint Witness List of the parties was filed with the Court under separate cover on October 2, 2023 [Dkt. No. 197].

Only the witnesses identified on the lists will be permitted to testify (other than solely for impeachment).

Plaintiff intends to call as expert witnesses, the following:

a.  Joseph A. Gunn, Police Practices Expert

b.  Ari Kalechstein, Ph.D., Neuropsychologist

c.  James Vest, Video Editor (non-retained)

Defendants intend to call as expert witnesses, the following:

a.  David Blake

b.  Dr. Michael Gold

c.  Dr. Jay Shapira

d.  Dr. Gary Vilke

e.  Johnny Gil Jurado

**12.    MOTIONS IN LIMINE**

Motions *in Limine* have been filed with the Court.

**13.    BIFURCATION**

Defendants seek bifurcation on Punitive Damages.

**14.    ADMISSIONS**

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pre-Trial Order shall supersede the pleadings, and govern the course of the trial of this cause, unless modified to prevent manifest injustice.


_____          _____
       Date                          United States District Court Judge

**JOINT [PROPOSED] FINAL PRETRIAL CONFERENCE ORDER**